UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SHAQUELLE TAITT,

                       Plaintiff,

   -against-

THE CITY OF NEW YORK, POLICE OFFICER
WILLIAMS (Tax # 937738), POLICE
OFFICERS JOHN DOE 1-2 and DETECTIVE
JOHN/JANE DOE,

                       Defendants.
-------------------------------------------------------------x

COMPLAINT

JURY DEMAND

SHAQUELLE TAITT (hereinafter "plaintiff"), by his attorney(s) The Law Offices of Wale Mosaku, P.C., complaining of the defendants THE CITY OF NEW YORK, POLICE OFFICER WILLIAMS (Tax # 937738), POLICE OFFICERS JOHN DOE 1-2 and DETECTIVE JOHN/JANE DOE (hereinafter collectively referred to as "the defendants"), alleges as follows:

## NATURE OF THE ACTION

1.    This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and §1985], [and arising under the law and statutes of the State of New York].

## JURISDICTION

2.    The jurisdiction of this Court is invoked pursuant to 42 U.S.C. Section 1983, 28 U.S.C. Section 1343, 28 U.S.C. Section 1331, and under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3.    As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

4. All conditions precedent to filing of this action have been complied with; on July 17, 2014, within ninety days after the claim(s) alleged in this complaint arose, a written notice of claim, sworn to by the plaintiff and/or his representative, was served upon the defendant City of New York by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the applicable Courts. Plaintiff's claim was assigned Claim No. 2014PI022742.

5. At least thirty days have elapsed since the service of the above-mentioned notice of claim, and adjustment or payment of the claim has been neglected or refused.

   This action, pursuant to New York State and City Law, has been commenced within one year after the happening of the event upon which the malicious prosecution claim is based.

## FACTUAL ALLEGATIONS

6. On May 2, 2014, at approximately 01:00 p.m., within a grocery (corner) store known as "Pal's Grocery & Deli", located at the premises described as 1029 Nostrand Avenue, the plaintiff was falsely arrested by defendant officers John Doe 1-2.

7. Immediately prior to his arrest, the plaintiff was conversing with the owner of the store.

8. As the plaintiff was conversing with the owner of the store, the defendant officers John Doe 1-2 entered into the store, and without warning, violently tackled the plaintiff, slammed him to the ground, and thereafter placed him in handcuffs.

9. After the plaintiff was arrested, he was taken by defendant officers John Doe 1-2 to the 71st precinct, located at 421 Empire Blvd, Brooklyn, NY 11225.

10. Upon arrival at the 71st police precinct, the plaintiff was logged in at the front desk, and thereafter told that a detective (Detective John/Jane Doe) wanted to speak with him.

11. That the defendant officers John Doe 1-2 had unlawfully arrested the plaintiff pursuant to an Investigative Card ("I-card") that had been prepared by defendant Detective John/Jane Doe.

12. After spending approximately 5 hours in jail, the plaintiff was told to "*forget it, but you can't leave here without anything. Here is a ticket*", and handed a summons for violating Penal Law Section 240.35(05) ("*On school grounds without permission*").

13. The summons was issued by defendant Officer Williams.

14. Within said summons, defendant Officer Williams claimed that "*at t/p/o deft was loitering on school grounds w/o permission during school time. Deft. Did not attend school in question. MS 61*".

15. Officer Williams also falsely claimed that the plaintiff's purported offense occurred "*opp 320 Sterling Street*".

16. The above-referenced allegations were a complete fabrication.

17. Pursuant to the above-referenced summons, the plaintiff was compelled to appear at 346 Broadway on July 29, 2014, in defense of the trumped up charges.

18. The summons number was 4411392942.

19. The summons was dismissed on July 25, 2014.

## CAUSE OF ACTION AGAINST EACH DEFENDANT OFFICER: FALSE ARREST AND FALSE IMPRISONMENT UNDER NEW YORK STATE LAW/42 U.S.C § 1983

20. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 19 of this complaint as though fully set forth herein.

21. The above-described respective arrest, detention and imprisonment of the plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

22. As a result of plaintiff's above-described false arrest and detention, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and has been otherwise damaged in his character and reputation.

23. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendant officers, individually and severally.

### CAUSE OF ACTION AGAINST DEFENDANT OFFICERS JOHN DOE 1-2: EXCESSIVE FORCE UNDER 42 U.S.C § 1983

24. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 23 of this complaint as though fully set forth herein.

25. The level of force employed defendant officers John Doe 1-2 was unwarranted, objectively unreasonable, and in violation of the plaintiff's constitutional rights.

26. As a result of the aforementioned conduct of defendant officers John Doe 1-2, the plaintiff was subjected to excessive force resulting in physical injury.

27. Plaintiff hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against the defendant officers John Doe 1-2, individually and severally.

### CAUSE OF ACTION AGAINST EACH DEFENDANT OFFICER: FAILURE TO INTERVENE UNDER 42 U.S.C § 1983

28. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 27 of this complaint as though fully set forth herein.

29. The defendant officers had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

30. The defendant officers failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

31. As a consequence of the defendant officers' actions, plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

## CAUSE OF ACTION AGAINST THE DEFENDANTS: ASSAULT AND BATTERY

32. Plaintiff repeats and realleges paragraphs 1 through 31 as if each paragraph is repeated verbatim herein.

33. At the time of the above-referenced incident, the defendant officers John Doe 1-2 assaulted the plaintiff, battered the plaintiff, and subjected the plaintiff to excessive force and summary punishment.

34. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against the defendants, individually and severally.

35. The defendant officers John Doe 1-2 were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendants acts as described above.

36. This action, upon information and belief, falls within one or more of the exceptions of CPLR 1602.

## CAUSE OF ACTION AGAINST THE DEFENDANT CITY OF NEW YORK: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

37. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 36 of this complaint as though fully set forth herein.

38. The acts complained of were carried out by the defendant officers John Doe 1-2 and Detective John Jane Doe in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

39. The defendant officers John Doe 1-2 and Detective John Jane Doe acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its police department.

40. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following unconstitutional practice(s): wrongfully arresting innocent members of the public pursuant to the unlawful issuance of "I-Card(s)".

41. That an I-card was and is an illegal and unconstitutional departmental tool utilized by the NYPD, wherein an investigating detective, such as Detective John/Jane Doe, who desires to question a member of the public, rather than seek an arrest warrant from a court of competent jurisdiction, prepares said I-card, and thereafter causes same to be dispersed and disseminated within the NYPD.

42. That the intent and practical effect of said I-card is to serve as a court issued arrest warrant.

43. That any member of the NYPD who becomes aware of said I-card was and is trained to seek, arrest and detain the subject of the I-card, and thereafter present the subject of the I-card to the detective who issued the I-card.

44. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiff; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiff as alleged herein, and deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:

(a) The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b) The right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

45. The defendant officers John Doe 1-2 and Detective John Jane Doe were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiff's constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiff for the damages he suffered.

46. The actual principal/agent relationship between defendant City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

WHEREFORE, plaintiff respectfully prays judgment as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;

2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

4. For such other and further relief as the court deems proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
February 14, 2014

        LAW OFFICES OF WALE MOSAKU, P.C.

        By:     /s/

        Wale Mosaku (AM5872)
        Attorney for the Plaintiff
        25 Bond Street, 3rd Floor
        Brooklyn, N.Y. 11201
        (718) 243-0994

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK:
_____
SHAQUELLE TAITT,

                                              Plaintiff,

         -against-

THE CITY OF NEW YORK, POLICE OFFICER
WILLIAMS (Tax # 937738), POLICE
OFFICERS JOHN DOE 1-2 and DETECTIVE
JOHN/JANE DOE,


                                              Defendants.
_____

                        COMPLAINT
_____

              LAW OFFICES OF WALE MOSAKU, P.C.
                 Attorney(s) for Plaintiff(s)
                  25 Bond Street, 3rd Floor
                  Brooklyn, New York 11201
                       (718) 243-0994
_____
```

**To:**                                   Service of a copy of the within
                                          is hereby admitted.

                                          Dated:................ 201_

**Attorney(s) for Defendants**

_____